UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DR. WILLIAM E. STRICKER AND
PAMELA STRICKER,

Plaintiffs,

v.

AUTO-OWNERS INSURANCE COMPANY,

and

LLOYD HOAGENSON,

Defendants.

Case No. 2:22-cv-4074-NKL

**ORDER**

Before the Court is a Motion to Remand filed by Plaintiffs Pamela and William Stricker, arguing that this case should be remanded back to the Boone County Circuit Court because the presence of Defendant Lloyd Hoagenson, a non-diverse defendant, destroys this Court's subject matter jurisdiction. Doc. 18. Also before the Court is a Motion to Dismiss Count III of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Auto-Owners Insurance Company ("Auto-Owners") and Lloyd Hoagenson. Doc. 7. Defendants argue that Count III, which alleges negligence against Mr. Hoagenson, an Auto-Owner's insurance adjuster, fails as a matter of law and should be dismissed.[1] As explained below, Plaintiffs' claim against Mr. Hoagenson is clearly foreclosed by Missouri law. Accordingly, Plaintiffs' Motion to Remand

---

[1] Count III is the only claim against Mr. Hoagenson.

is DENIED, and Defendants' Motions to Dismiss Count III is GRANTED.[2]

## I. BACKGROUND

Plaintiffs Pamela and William Stricker maintained a homeowner's policy from Auto-Owners covering accidental physical loss to their home and its contents. Doc. 1-2 (Complaint), at ¶¶ 11–14. While the Strickers were out of town, a water line connected to their washing machine broke loose, resulting in pressurized water flowing into the house for several days. The first floor and basement of the Strickers' home, and all personal belongings therein, suffered severe water damage. Several weeks later, hail damaged Plaintiffs' roof. Finally, "at some point in the coverage period" the house was also vandalized with eggs. Doc. 1-2, at ¶ 19. Plaintiffs claim that these losses were covered by their policy with Auto-Owners. Plaintiffs obtained a repair estimates and provided them to Defendant Lloyd Hoagenson, an Auto-Owners insurance adjuster, and Auto-Owners itself. Plaintiffs claim the estimate amounts were within the policy limits. Nevertheless, Auto-Owners obtained its own estimates, which were substantially lower. As a result, Auto-Owners maintained that it would only pay Plaintiffs' claims in part. *Id.*

Mr. Hoagenson informed Plaintiffs that the documentation they submitted was insufficient because it failed to adequately identify and distinguish covered expenses from an uncovered remodeling project that occurred at the same time. Doc. 1-23, at ¶¶ 39–40. Mr. Hoagenson stated that "the final invoices do not allow a means of comparison with [Auto-Owners'] very detailed and itemized estimate, therefore it is impossible for us to identify any additional items that may be related to the claim." *Id.* at ¶ 41. Plaintiffs allege that they provided Mr. Hoagenson with all the

---

[2] Also pending is Defendants' Motion to Dismiss Count II of Plaintiffs' Complaint, a cause of action against Auto-Owners for Vexatious Refusal to Pay pursuant to §375.420 R.S.Mo. Doc. 9. The Court previously stayed Defendants' reply deadline pending resolution of Plaintiffs' Motion to Remand. Doc. 17. That stay is hereby lifted, and Defendants may file a reply on or before October 4, 2022.

information necessary for him to properly distinguish the covered losses from the remodeling expenses. Plaintiffs allege that Mr. Hoagenson failed to exercise reasonable care as an insurance adjuster when he "failed to apply basic cross-referencing skills in reviewing the data Plaintiffs provided, and to request or independently gather such additional information as he might need from Plaintiffs and their agents." *Id*. at ¶¶ 70–71. Plaintiffs argue that Mr. Hoagenson's negligence contributed to Auto-Owners' denying their claim.

Defendants jointly removed to this Court on May 18, 2022, invoking this Court's diversity jurisdiction. *See* Doc. 1 (Notice of Removal). Auto-Owners is a Michigan "citizen" for the purposes of diversity. Plaintiffs and Mr. Hoagenson are all Missouri residents. Even though Mr. Hoagenson is a non-diverse defendant, Defendants argue that this Court retains subject matter jurisdiction because Mr. Hoagenson was fraudulently joined. Defendants have also filed a Motion to Dismiss Count III, Plaintiffs' negligence claim against Mr. Hoagenson. *See* Doc. 7. Plaintiffs maintain they have a viable claim against Mr. Hoagenson and that, therefore, the Court lacks subject matter jurisdiction and remand is necessary. *See* Doc. 18.

## II. LEGAL STANDARD

A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). "In the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (quotation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing party bears the burden of establishing—and defending—federal jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). "[A] district court is required to resolve

all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

However, when a non-diverse defendant has been fraudulently joined, diversity jurisdiction is not destroyed. *See BP Chemicals Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir. 2002). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law" to support a claim against the defendant whose joinder would preclude removal. *Id.* (quoting *Wiles v. Capitol Indem., Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). A defendant must prove that the forum state's law leaves no possible room for any claim pleaded against the defendant. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810–11 (8th Cir. 2003). This means that, if "there is a 'colorable' cause of action-that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Id.* at 810 (emphasis in original).

It is not enough that a claim simply would not survive a Rule 12(b)(6) Motion; applicable state precedent must preclude a cause of action against a defendant for joinder to be fraudulent. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011); *see also Filla*, 336 F.3d at 810 (remanding even when no applicable state precedent directly permitted the suit). All ambiguities in the controlling substantive law should be resolved in the plaintiff's favor, *Filla*, 336 F.3d at 811, and federal courts are not required to "*definitively* settle the ambiguous question of state law[.]" *Id.* (emphasis in original). In situations where the viability of a claim is in question "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* (internal quotation marks omitted).

### III. DISCUSSION

On the face of Plaintiffs' Complaint, complete diversity does not exist. Plaintiffs are both

Missouri residents, as is Defendant Hoagenson. Nevertheless, Defendants argue that Mr. Hoagenson does not destroy diversity because Plaintiffs' claim against him is clearly barred by Missouri law and should therefore be dismissed, leaving only Auto-Owners—a Michigan corporation—as a defendant. Whether this Court has jurisdiction, then, turns on whether Missouri law clearly precludes Plaintiff's negligence claim against an in-house insurance adjuster who "failed to consider the substantial information presented to him [in connection with a claim for insurance coverage] consistent with the standards of a reasonable insurance adjuster." Doc. 19, at 2. Said differently, Plaintiffs claim Mr. Hoagenson violated a duty of care owed to Plaintiffs because he failed to investigate and adjust their claim properly; if Missouri law clearly disclaims such a duty, Plaintiffs' Motion to Remand must be denied and the claims against Mr. Hoagenson must be dismissed.

Under Missouri law, the agent of an insurance company is not liable for damages caused by his failure to perform a duty owed to the insurer. *State ex rel. Ranni Assocs., Inc. v. Hartenbach*, 742 S.W.2d 134, 139–40 (Mo. 1987). But the agent can be liable "if he commits [an act] which would [also] constitute an independent tort" or if he owed an independent duty to the insured. *Id.* at 139; *see also Haughland v. Parsons*, 863 S.W.2d 609, 611 (Mo. Ct. App. 1992) ("A mere failure to perform a contract cannot serve as the basis of tort liability unless the breach is also an independent tort."); *General Elec. Capital Corp. v. Rauch*, 970 S.W.2d 348 (Mo. Ct. App. 1998) ("We note that an agent, while performing his duties for a principal, is liable for acts or omissions causing injuries to third persons, whenever, under the circumstances he owes a duty of care in regard to such matters to such third persons" and this would be true even "if no relationship of master and servant or principal and agent existed between him and someone else.")

Plaintiffs argue that, among other things, Mr. Hoagenson owed them an independent duty

5

Case 2:22-cv-04074-NKL    Document 29    Filed 09/19/22    Page 5 of 13

because insurance adjusters are held to a professional standard of care, which represents a duty owed to the insureds whose claims they adjust. *See generally Richey v. Phillip*, 259 S.W.3d 1, 17-18 (Mo. Ct. App. 2008) (establishing that insurance professionals are held to a professional standard of care) (overruled on other grounds by *Parr v. Breeden*, 489 S.W.3d 774, n. 6 (Mo. banc 2016)).

It is the Defendants' burden to prove that Missouri law is settled in their favor on this point, and they have done so. Defendants' primary support for their position is the Eighth Circuit's decision in *Kerr v. Federal Emergency Management Agency*, 113 F.3d 884 (8th Cir. 1997). There, the Eighth Circuit, applying Missouri law, specifically addressed a plaintiff's claim that an insurance adjuster failed to appropriately investigate and determine if the plaintiff's loss was covered by the applicable insurance policy. *Id*. The plaintiff in *Kerr* argued that the adjuster undertook a duty to plaintiff when he agreed to complete plaintiff's proof of loss form and submit it. To the plaintiff, because the adjuster undertook this duty, his failure to complete plaintiff's proof of loss with skill, care, reasonable expedience, and faithfulness was an independent tort. *Id*. The Eighth Circuit disagreed, relying on its interpretation of the Missouri Supreme Court's decision in *State ex rel. Ranni Assocs., Inc. v. Hartenbach*, 742 S.W.2d 134, 139–40 (Mo. 1987), which reaffirmed that an insurance adjuster is only liable "if he commits [an act] which would constitute an independent tort." *Id*. at 887. The Eighth Circuit noted that "[t]hroughout his course of dealings with [plaintiff], [the adjuster] conducted only activities which related to his duty as FEMA's adjuster" and therefore, "[b]ecause [plaintiff] ha[d] not established that [the adjuster's company] undertook a separate duty to [plaintiff], he [could] not claim that an independent tort arose which would cause [adjuster's company] to be liable for [plaintiff's] economic harm." *Id*. at 887.

6

*Kerr*, and *Ranni*, concretely answer the question before the Court: insurance adjusters do not owe a general, independent duty to insureds, separate from their duty owed to the insurer, to adjust a claim with care. To the extent an insurance adjuster negligently performs his job duties, the remedy is a claim against the insurance company. *Ranni*, 742 S.W.2d at 139–40 ("If plaintiffs suffered economic loss from the acts of Ranni as an agent, their remedy is to sue the principal, Manhattan Life, who is subject to the jurisdiction of Missouri courts."); *Kerr*, 113 F.3d at 887 ("Any cause of action [plaintiff] has with regard to [insurance agent's] alleged negligence must be brought against [insurance company] as [insurance agent's] principal."). Plaintiffs' attempts to distinguish *Kerr* from the facts of this case are not persuasive.

First, Plaintiffs argue that *Kerr* was a federal question case, and accordingly remand was never an option. Plaintiffs posit that, had the issue arisen in a case premised on diversity jurisdiction, it would have been a "perfect example of a case where remand would have been appropriate so the state courts could fill an apparent gap in state law." Doc. 21, at 8. To begin, the Court disagrees that there is a gap for a state court to fill. *See Ranni*, 742 S.W.2d at 139–40. Even so, *Kerr* unambiguously held that an insurance adjuster's duty to properly investigate and adjust an insured's claim is not a "separate" duty under Missouri law. Accordingly, regardless of the underlying context, the Eighth Circuit's decision—binding on this Court—established Missouri law on the relevant question of an insurance adjuster's duty. This is especially so because the Eighth Circuit's decision hinges almost exclusively on the Missouri Supreme Court's decision in *Ranni*.[3] There, the Missouri Supreme Court held that when an agent of an insurance company is accused of a breach of duties owed to the insurance company—said differently, when the

---

[3] Indeed, as explained, the Court finds that *Ranni*, not just *Kerr*, holds that Plaintiffs' case against Mr. Hoagenson must fail.

adjuster is alleged to have done her job poorly and that resulted in a breach of the insurance contract—the claim is against the insurance company, not the adjuster. *Id.* The same is true here.

Second, Plaintiffs argue that *Kerr* involved an external insurance agent, while this case involves an in-house adjuster employed directly by Auto-Owners. To Plaintiffs, this difference is legally relevant. Plaintiffs argue that with an outside adjuster, there is no relationship between the adjuster and the insured; the adjuster is retained by and for the exclusive benefit of the insurer, and accordingly there is no duty of care owed to the insured. However, Plaintiffs suggest that this is different with an in-house adjuster because the insurance contract between the insured and the insurer for which the adjuster works is enough to create a direct link between the adjuster and the insureds. Doc. 21, at 7 (citing *Addison v. Travelers Indem. Co. of America*, 2010 WL 3258585 at *2–3 (D. South Carolina Aug. 17, 2010)).

This argument fails for two reasons. As an initial matter, neither *Ranni* nor *Kerr* were influenced by the nature of the adjuster's relationship with the insurer. Both courts held that because an agent—of any kind—is not liable for economic loss caused to a third party by the negligent performance of duties owed only to a principle, the insurance agents, whose negligence was within the scope of their employment, owed no duty to the plaintiffs. *Id.* Both in house and independent adjusters do the same job, and do it only because the principal insurance company requires it. There is simply nothing to suggest that negligence occurring within the scope of an insurance adjuster's employment could implicate duties owed *only* to an insurance company principal for an external insurance adjuster, as held in *Ranni* and *Kerr*, but duties owed to insureds for an in-house adjuster, as Plaintiffs ask the Court to find. Put another way, while an in-house adjuster may have a more direct link to the insureds, that link still flows only through the adjuster's employer, the insurance company.

8

Case 2:22-cv-04074-NKL   Document 29   Filed 09/19/22   Page 8 of 13

Plaintiffs' only suggestion that an independent duty exists is that insurance adjusters are held to a professional standard of care. Doc. 21, at 5 (citing *Richey v. Phillip*, 259 S.W.3d 1, 17–18 (Mo. Ct. App. 2008)). While that may well be true, the *Richey* court specifically held that its decision was cabined to the facts of the case, where, relevant here, the adjuster admitted that she owed a duty and the court was only deciding whether a directed verdict or post-trial motion could be granted in the face of that admission. Nothing in *Richey*, or *Jones v. Kennedy*, the case on which it relies, suggests that the heightened standard of care creates a generally applicable, independent duty owed by all insurance adjusters. *Richey*, 259 S.W.3d at 17–18; *Jones*, 108 S.W.3d 203. Indeed, the *Jones* court specifically found that, despite being held to a professional standard of care, the insurance adjuster owed no duty to the plaintiff. Accordingly, while Missouri law does recognize that insurance adjusters are held to a professional standard of care, this does not suggest that it applies in all situations. And, given well-settled Missouri law, this professional standard of care does little to change the Court's analysis, informed by *Ranni* and *Kerr*.

What's more, Plaintiffs' theory would effectively permit them to challenge an insurance company's failure to pay a claim in both tort and contract. When an insurance company wrongfully refuses payment of a claim to its insured, a plaintiff is limited to a breach of contract claim. *Overcast v. Billings Mutual Insurance Company*, 11 S.W.3d 62, 67 (Mo. 2000).[4] Plaintiffs

---

[4] Plaintiffs argue that because the *Overcast* court held that the vexatious refusal to pay statute did not preempt a tort claim for defamation, it suggests Missouri courts would look favorably upon their negligence claim. The Court disagrees. *Overcast* solidifies the clearly established rule of Missouri law that when a plaintiff challenges wrongful conduct that exists independent of any alleged breach of an insurance contract, she may proceed in tort. *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 68 (Mo. 2000) ("Thus, Overcast's defamation claim is not based on the company's refusal to pay and is based on conduct quite distinct from conduct that merely constituted a breach of contract."). Plaintiffs have not alleged that Mr. Hoagenson was in any way acting outside the scope of his employment or committed any negligence beyond performing his job duties poorly, which resulted in the wrongful denial of insurance benefits. The remedy for which is exclusively a breach of contract claim against Auto-Owners.

"cannot convert [their] breach of contract claim against [an insurer] for failure to pay under a policy into a tort claim." *Ryann Spencer Group, Inc. v. Assurance Co. of America*, 275 S.W.3d 284, 290 (Mo. Ct. App. 2008). While it is true that Missouri courts announced this principle in the context of a tort claim against an insurance company, on these facts, and as argued by Plaintiffs, Mr. Hogaenson is nothing more than an extension of the insurance company as an in-house adjuster. That itself defeats Plaintiffs' claims against him. The Missouri Supreme Court has clearly explained that "[n]o tort claim has supplanted or supplemented the basic contract claim and remedy where an insurance company wrongfully refuses to pay a loss incurred by its own insured." *Overcast*, 11 S.W.3d at 67. Despite their characterizations otherwise, Plaintiffs are attempting to supplement their contract remedy with tort recovery against Mr. Hoagenson, an Auto-Owners employee. Plaintiffs explicitly argued Mr. Hoagenson's actions caused a breach of the insurance contract, and therefore, under Missouri law, Plaintiffs' exclusive path to recovery runs through Auto-Owners.

Third, Plaintiffs attempt to distinguish *Kerr* because, to them, it addressed an adjuster's contractual duty, not a tort duty, and turned on unique language in the relevant insurance policy. The Court disagrees; *Kerr's* reasoning is not so narrow. Plaintiff in *Kerr* argued that the adjuster assumed a separate duty—and was liable in tort—by agreeing to complete certain claim-related tasks. *Kerr*, 113 F.3d at 886. *Kerr's* bottom-line holding was that "[t]hroughout his course of dealings with [plaintiff insurer], [insurance agent] conducted only activities which related to his duty as [insurer's] adjuster. Because Kerr has not established that [insurance agent's company] undertook a separate duty to Kerr, he cannot claim that an independent tort arose which would cause [insurance agent's company] to be liable for Kerr's economic harm." *Id.* at 887. This is the exact situation before this Court. The Eight Circuit's holding related to duty was not in any way

10
Case 2:22-cv-04074-NKL   Document 29   Filed 09/19/22   Page 10 of 13

impacted by the language of the specific policy; indeed, the Eighth Circuit only reached the specifics of the policy only after assuming that the plaintiff had shown an independent duty. *Id.* at 886–87.

At bottom, Missouri law is clear that if a plaintiff challenges conduct beyond mere negligent job performance by an insurance agent that resulted in a breach of an insurance contract, that plaintiff has an independent tort claim against the agent. However, in cases like this one, where Plaintiffs only argue that an insurance adjuster failed to adjust their claim property, resulting in the wrongful denial of benefits, those arguments must be made in a breach of contract claim against the insurer. This Court found no case remanding a claim like Plaintiffs to state court. When federal courts in Missouri remand, it is only when the plaintiff has alleged a violation *beyond* the simple negligent performance of an agent's job duties. *See, e.g.*, *Eichholz v. American Family Mut. Ins.*, 6-cv-0408-DW, Doc. 21 (Aug. 28, 2006) ("There is a reasonable basis in Missouri law for concluding that Missouri courts may recognize personal[] liability for claims based on bad faith, negligence or fraud against [insurance company employees]."); *Plazaview, LLC v. Travelers Indem. Co.*, No. 4:15-CV-00800-SRB, 2015 WL 9875294, at *1 (W.D. Mo. Jan. 6, 2015) (remanding negligence and fraudulent and negligent misrepresentation claims against an insurance company's claim representative); *Ferrellgas, L.P., v. Indemnity Ins. Company N.A.*, No. 17-cv-00944-HFS, Doc. 38 (Sept. 18, 2018) (remanding negligence and bad faith claim against insurance company's agent charged with mishandling claim for coverage). On the other hand, in cases where a plaintiff alleges negligent claims handling against an agent of an insurance company, courts have declined to remand. *See Everett v. St. Paul Guardian Ins. Co.*, 4:08-CV-488-MLM, 2008 WL 2486044, at *5–6 (E.D. Mo. June 18, 2008) (finding no independent duty where insurance adjuster defendant was alleged to have negligently handled the plaintiff's claim for coverage because

11

plaintiffs failed to allege a duty separate from those owed as an employee or agent of the insurance company).[5]

## IV. CONCLUSION

At bottom, Plaintiffs portray Missouri law as far more unsettled than it is. Plaintiffs argue that (1) Missouri allows tort claims against adjusters to proceed and (2) insurance professionals are held to a professional standard of care. Both are true. But neither saves the Plaintiffs' claim against Mr. Hoagenson. Missouri allows tort claims against adjusters to proceed only when the adjuster is alleged to have committed a tort or assumed a duty independent of the wrongful denial of coverage. Here, Plaintiffs directly allege that Mr. Hoagenson's failure to act with reasonable care when adjusting their claim resulted in the wrongful denial of their benefits. Missouri law is clear that these arguments must be made in a breach of contract claim against Auto-Owners. The fact that Missouri law recognizes that insurance adjusters—when they assume a separate duty—are held to a professional standard of care does not change this outcome. Plaintiffs have failed to

---

[5] Plaintiffs cite *Kennedy v. Allstate Property and Cas. Ins. Co.*, 2015 WL 4111816 (E.D. Pa July 8, 2015) to suggest that remand is required. There, under Pennsylvania law, the court remanded plaintiff's claims challenging an adjuster's negligence—which included active misrepresentations—to state court. *Kennedy* does not help the Plaintiffs here. First, Pennsylvania law provided no guidance to the court in *Kennedy*; it was forced to look to the law of other states. Meanwhile, here, Missouri law is already clear that an agent of an insurance company is not liable unless a plaintiff challenges conduct independent of the agent's duties to the insurance company; said differently, unless the plaintiff challenges conduct beyond what would constitute a breach of the insurance contract. Second, *Kennedy* appears consistent with Missouri law. The Court in *Kennedy* relied heavily on the adjuster defendant's active misrepresentations about the status of the investigation into the plaintiff's insurance claims. The case did not involve only allegations that an insurance adjuster did not do his job with the requisite level of skill. *Id.* at * 5 ("[I]t is possible that a Pennsylvania state court would find that plaintiffs' negligence claims have at least 'alleged breach of a general social duty' based on the alleged misrepresentations and "not a breach of any duty created by the insurance policy itself."). Because Plaintiffs' claim that Mr. Hoagenson merely failed to act as a reasonable insurance adjuster would, their claim against him is subsumed by their breach of contract claim against Auto-Owners.

appropriately allege that Mr. Hoagenson assumed a duty separate from the one he owed Auto-Owners, and accordingly their claim against him is not colorable. For these reasons, Plaintiffs' Motion to Remand, Doc. 18, is DENIED and Defendants' Motions to Dismiss Count III, Docs. 7 is GRANTED.[6] Within 14 days of this Order, Defendants may file a reply in support of their Motion to Dismiss Count II.


s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: 9/19/2022
Jefferson City, Missouri

---

[6] The Rule 12(b)(6) standard is lower than the standard governing a motion to remand. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010). Accordingly, because Plaintiffs' claim against Mr. Hoagenson is not colorable under state law, it is necessarily not plausible.