UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DR. WILLIAM E. STRICKER AND PAMELA STRICKER,<br><br>Plaintiffs,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:22-cv-4074-NKL |

## ORDER

Defendant Auto-Owners Insurance Company has moved to dismiss as untimely Count II, Plaintiffs' vexatious refusal to pay claim. Doc. 9. Auto-Owners contends a vexatious refusal to pay claim is penal and therefore subject to a three-year statute of limitation under Missouri law. Doc. 10 (Suggestions in Support of Mot. Dismiss Count II). As explained in detail below, even assuming a three-year statute of limitation applies, as Auto-Owners suggests, it is not clear from the face of the Complaint that Plaintiffs' vexatious refusal to pay claim is time barred. Therefore Auto-Owner's Motion to Dismiss Count II is DENIED.

I.   BACKGROUND

Plaintiffs Pamela and William Stricker maintained a homeowner's policy from Auto-Owners covering accidental physical loss to their home and its contents. Doc. 1-2 (Complaint), at ¶¶ 11–14. While Plaintiffs were out of town in April 2016, a water line connected to their washing machine broke loose, resulting in pressurized water flowing into the house for several days. The first floor and basement of Plaintiffs' home, and all personal belongings therein, suffered water damage. Several weeks later, hail damaged Plaintiffs' roof. Finally, "at some point in the coverage

period" the house was also vandalized with eggs. Doc. 1-2, at ¶ 19. Plaintiffs claim that losses were covered by their policy with Auto-Owners.

Auto-Owners partially paid Plaintiffs' claims. However, Plaintiffs argued they were—and still are—entitled to additional money under their insurance policy. Plaintiffs claim Auto-Owners underpaid claims for the: (1) structural damage caused by flooding; (2) personal property lost or damaged by flooding; (3) damage done to the roof of Plaintiffs' home by hail; and (4) vandalism to Plaintiffs' home. On March 22, 2019, Auto-Owners informed Plaintiffs that, without more information, Auto-Owners would not pay what remained of Plaintiffs' insurance claims. *Id.* at ¶ 51. The letter informed Plaintiffs that Auto-Owners' investigation was complete, but it invited them to submit additional information for review. *See* Doc. 16-5. From the Complaint, it appears Plaintiffs provided additional information in response to this letter, and negotiations continued through at least July 20, 2021. *See Id.* at ¶¶ 34, 53, 66.

## II. LEGAL STANDARD

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party[.]" *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015).

"Although statutes of limitations provide an affirmative defense that ordinarily must be specifically pleaded, a complaint is subject to dismissal for failure to state a claim 'when the affirmative limitations defense clearly appears on the face of the complaint.'" *Sanders v. Dept. of Army*, 981 F.2d 990, 991 (8th Cir. 1992); *see also Horn v. Burns & Roe*, 536 F.2d 251, 256 n.4 (8th Cir. 1976). "[W]here it is obvious from the face of the complaint that the statute of limitations has run, an action is properly subject to dismissal for failure to state a claim upon which relief may be granted." *Columbia Petroleum, Inc. v. Waddell*, 680 F. Supp. 1348, 1349 (W.D. Mo. 1987).

The Court generally may not consider matters outside the pleadings when deciding a Rule

12(b)(6) Motion. That said, "documents necessarily embraced by the complaint are not matters outside the pleading." *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)). For example, when, "as here, the claims relate to a written contract that is part of the record in the case, [the Court] consider[s] the language of the contract when reviewing the sufficiency of the complaint." *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010). The Court may also consider exhibits attached to the pleadings as well as matters of public record. *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). Documents referenced in the complaint are also properly considered "embraced by the pleadings." *McChesney v. Petersen*, 275 F. Supp. 3d 1123, n.1 1132 (D. Neb. 2016), *aff'd* 900 F.3d 578 (8th Cir. 2018); *Downey v. Coal. Against Rape & Abuse, Inc.*, 143 F. Supp. 2d 423, n. 5 449 (D.N.J. 2001) ("The court is free to examine copies of documents referenced in the amended complaint, the authenticity of which is not in dispute, without thereby converting this to a summary judgment motion, as such documents are not matters outside the pleadings.") *aff'd*, 142 Fed. Appx. 645 (3d Cir. 2005). That said, exhibits not referenced in the pleadings generally are considered outside the pleadings. *Mill Bridge V, Inc. v. Benton*, 2009 WL 4639641, at n.17 *24 (E.D. Pa. Dec. 3, 2009).[1]

---

[1] Plaintiffs submitted various exhibits along with their opposition to Auto-Owners' Motion to Dismiss, including letters between Auto-Owners and Plaintiffs. *See* Doc. 16, at 6 (Pls.' Opp'n); Doc. 16-5 (3/22/19 Ltr.); Doc. 16-6 (7/1/19 Ltr.); Doc. 16-7 (7/20/2021 Ltr.); Doc. 16-2 (9/19/21 Ltr.). Because the 3/22/2019 Letter (Doc. 16-5), 7/20/2021 Letter (Doc. 16-7), and 9/19/2021 Letter (Doc. 16-2) are referenced several times in the Plaintiffs' Complaint, and because they are official correspondence between Plaintiffs and Auto-Owners, the authenticity of which are not disputed, the Court will consider them here without converting the Motion to Dismiss into one for summary judgment. However, the 7/1/19 Letter (Doc. 16-6) is not referenced in the Complaint. Nor is it clear how much Auto-Owners and Plaintiffs continued to discuss Plaintiffs' claims beyond these letters. Accordingly, the Court will not consider the 7/1/2019 letter, and reiterates that Auto-Owners' affirmative defense must be addressed with a developed record.

### III. DISCUSSION

Auto-Owners argues that Plaintiffs' Complaint clearly establishes that their vexatious refusal to pay claim is untimely. To determine whether that is true, the Court must be able to determine both what statute of limitation applies and when a cause of action accrues. The Parties agree that Missouri courts have not yet decided which statute of limitations period applies to a vexatious refusal to pay claim. Auto-Owners contends that because the vexatious refusal to pay statute is "penal," the three-year limitation provided by R.S.Mo. § 516.130 applies. Doc. 10 (Suggestions in Support of Mot. Dismiss Count II), at 4. Plaintiffs argue instead that either the traditional five- or ten-year limitation period that applies to insurance contract actions should apply. *See* Doc. 16 (Suggestions in Opp'n Mot. Dismiss Count II, at 3; *see also* R.S.Mo. § 516.120; R.S.Mo.§ 516.110. However, even assuming for the purposes of this Motion that a three-year statute of limitation applies to Plaintiffs' vexatious refusal to pay claim, as argued by Auto-Owners, it is neither clear nor obvious on the face of the Complaint and the documents necessarily embraced by it that Plaintiffs' vexatious refusal to pay claim was filed more than three years after it accrued.

Under Missouri law, the "statute of limitations begins to run when a right to sue arises on an accrued cause of action." *De Paul Hosp. Sch. of Nursing, Inc. v. Sw. Bell Tel. Co.*, 539 S.W.2d 542, 546 (Mo. Ct. App. 1976). A civil action generally accrues not "when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damages may be recovered, and full and complete relief obtained." R.S.Mo. § 516.100; *see also Bldg. Erection Services, Inc. v. JLG, Inc.*, 376 F.3d 800, 802 (8th Cir. 2004). "Damages are sustained and capable of ascertainment when the fact of damage can be discovered or made known." *Rajala v. Donnelly Meiners Jordan Kline, P.C.*, 193 F.3d 925, 928 (8th Cir.

4

1999) (internal quotations and citations omitted). "Missouri courts applying these principles have routinely held that insurance-dispute claims accrue[2] when the plaintiff receives notice that a claim was denied." *DeCoursey*, 822 F.3d at 474.

First, Auto-Owners argues that the accrual test in § 516.100 does not apply to Plaintiffs' statutory vexatious refusal to pay claim because it applies only to contract claims. Doc. 31, at 5–6. While §516.100 certainly embraces contract claims, it applies far more broadly. Indeed, by its very terms, it applies "for the purposes of sections 516.100 to 516.370." R.S.Mo. § 516.100. Auto-Owners claims that the three-year statute of limitation provided by § 516.130 applies to Plaintiffs' vexatious refusal to pay claim. § 516.130 falls within the statutory range to which § 516.100 applies. *See generally De Paul Hosp. Sch. of Nursing*, 539 S.W.2d at 546–47 (deciding that the court need not decide whether a statute was penal because, using the test provided by § 516.100 to determine when the cause of action accrued, the plaintiff's claim was timely under any statute of limitations).[3] Accordingly, the Court rejects this argument.

Next, Auto-Owners argues that the Complaint clearly establishes that Plaintiffs' claim was denied on March 22, 2019, and therefore Plaintiffs' causes of action challenging that denial arose the same day. The Court disagrees. By March 22, 2019, Auto-Owners had paid Plaintiffs' claims in part. The Complaint suggests Plaintiffs still believed that Auto-Owners owed more and provided additional documentation accordingly. While Plaintiffs in their Complaint refer to the

---

[2] While *DeCoursey* does not discuss a vexatious refusal to play claim, there is no reason to believe that such a claim, which is largely based on, if not entirely derivative from, an underlying contractual dispute, would *accrue* any differently than its contractual counterpart. Auto-Owners has certainly not explained why this would be true. Accordingly, the Court relies on *DeCoursey* to determine when Plaintiffs' vexatious refusal claim accrues, even if such a claim is ultimately subject a different statute of limitations.

[3] Auto-Owners does not identify a different test the Court should use to determine when Plaintiffs' vexatious refusal to pay claim accrued.

March 22 letter as a "denial" letter, that letter invited Plaintiffs to submit more information to further support their claims for additional payments. *See* Doc. 16-5, at 3 ("No further payment can be made for personal property until we have the proper information."); Doc. 16-5, at 4 ("However, if there is any additional information you believe to be relevant to the question of coverage, please advise and forward . . . for review."). Further, the Complaint suggests that Plaintiffs provided Auto-Owners additional information in response to this letter, and the Parties continued exchanging information and negotiating until Plaintiffs sent their final demand letter on July 20, 2021. Doc. 1-2, at ¶¶ 34, 53, 66; *see also* Doc. 16-7 (final demand letter). Indeed, the thirty-day deadline in Plaintiffs' demand letter was later extended at Auto-Owners' request. *Id.* at ¶ 34. Accordingly, the Complaint does not clearly show on its face that on March 22, 2019, the Plaintiffs knew or could ascertain what their final damages would be.

Put simply, even assuming a three-year statute of limitation applies, it is not clear that Plaintiffs' vexatious refusal to pay claim would be barred by it. This is because the Complaint and the materials necessarily embraced by it do not clearly or obviously establish when Plaintiffs' claim accrued. At best, from the Complaint, the accrual date of Plaintiffs' vexatious refusal to pay claim is ambiguous. Accordingly, even if a three-year statute of limitation applies, Auto-Owners has not shown that dismissal is appropriate at this stage, and the Court therefore DENIES Auto-Owners' Motion. *See Harris v. Mortgage Professionals, Inc.*, 4:12-CV-01368-BCW, 2013 WL 12182255, at *3 (W.D. Mo. Aug. 30, 2013) (denying Rule 12(b)(6) motion because it was unclear under Missouri law which limitation period applied and because "factual issues remain with respect to the accrual dates of Plaintiff's causes of action.").

## IV. CONCLUSION

For the reasons stated above, Auto-Owners' Motion to Dismiss Count II, Doc. 9, is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  10/27/2022
Jefferson City, Missouri